**United States District Court**
For the Northern District of California

1

*E-Filed 10/28/10*

2

3

4

5

6

7

IN THE UNITED STATES DISTRICT COURT

8

FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

SAN FRANCISCO DIVISION

10

11

DR JKL LIMITED, a Hong Kong
Corporation,

No. CV 09-4977 RS

12

**ORDER GRANTING MOTIONS TO
STRIKE AND FOR DEFAULT
JUDGMENT**

13

Plaintiff,

v.

14

15

HPC IT EDUCATION CENTER, a Hong
Kong Company, and SAM YUEN, an
individual,

16

17

Defendants.

18

_____/

19

## I.   INTRODUCTION

20

        Plaintiff Dr. JKL, Limited filed a complaint against defendants HPC IT Education Center

21

("HPC"), and Sam Yuen alleging: (1) copyright infringement in violation of 17 U.S.C § 501; (2)

22

trademark infringement in violation of 15 U.S.C. § 1127; (3) false designation of origin in violation

23

of 15 U.S.C. § 1125; (4) breach of written contract; and (5) breach of the covenant of good faith and

24

fair dealing.  Defendant Yuen filed an "Answer & Defence to the Complaint" (sic) (the "Answer"),

25

as well as a letter addressed to the Court, on behalf of himself and defendant HPC.  Plaintiff has

26

moved to strike defendants' Answer and for a default judgment against defendants pursuant to Rule

27

55(b)(2) of Federal Rules Civil Procedure.  For the reasons stated below, both motions are granted

28

and judgment is entered in favor of plaintiff.

**United States District Court**
For the Northern District of California

1

## II.  RELEVANT FACTS

2      Plaintiff's complaint alleges that its founding director, Paul C. Poon, developed a novel

3  software product called "JKL Chinese Typing System," for which plaintiff owns the exclusive

4  license under Poon's copyright.  Poon developed the JKL Chinese Typing System in San Jose,

5  California, where plaintiff, a Hong Kong corporation, maintains its headquarters and principal place

6  of business and where it conducts all of its marketing, sales, and service activities related to the

7  system.  Plaintiff alleges that, pursuant to a 2007 agreement (the "2007 Agreement"), HPC agreed to

8  sell at least 8,800 JKL Chinese Typing System licenses to customers in Hong Kong and to pay

9  plaintiff $8.52 per license.  This agreement also required HPC to take over the lease for a storefront

10  in Hong Kong (the "HPC Storefront").  According to plaintiff, defendants breached the 2007

11  Agreement by failing to sell the required licenses, by never paying plaintiff for the unsold licenses,

12  and by cancelling the then-existing lease for the HPC Storefront, executing their own new lease and

13  misappropriating the original security deposit.

14      The complaint also alleges that, after failing to honor the 2007 Agreement, defendants

15  sought to continue as authorized Hong Kong distributors of the JKL Chinese Typing System and

16  assured plaintiff that they would eventually be able to meet plaintiff's sales requirements.

17  Accordingly, the parties entered into an agreement in 2009 (the "2009 Agreement"), under which

18  HPC agreed to sell 15,000 copies of the JKL Chinese Typing System licenses during the first year.

19  Rather than sell the licenses and pay plaintiff the contracted licensing fee, however, defendants

20  allegedly appropriated sales opportunities for themselves (at least 3,000 during the life of the 2009

21  Agreement), posted versions of the JKL Chinese Typing System product on the HPC website for

22  free customer download (which they were not authorized to do), and designed marketing materials

23  to convey the idea that HPC (and not Poon and plaintiff) had developed and owned the JKL Chinese

24  Typing System licenses.  Plaintiff also alleges that defendants, in violation of the 2009 Agreement,

25  attempted to hide the identity of JKL Chinese Typing System customers from plaintiff, and that they

26  refused to make thousands of sales where they deemed the customers' offers insufficiently

27  profitable to HPC.  Lastly, plaintiff alleges that, even after the termination of the 2009 Agreement,

28

No. C 09-009-4977 RS
ORDER

2

HPC continued to market, advertise and make unauthorized sales of the JKL Chinese Typing System licenses until plaintiff was able to deactivate those licenses.

Plaintiff filed its complaint on October 19, 2009, and on that same date served a copy of the complaint and summons by email and overnight mail on T.H. Koo & Associates, who at that time were counsel for defendants.  T.H. Koo & Associates acknowledged receipt of the complaint and summons by email on October 23, 2009.  On January 13, 2010, defendant Yuen filed the Answer and letter to the Court.  In the Answer, Yuen generally denies all of the facts alleged and maintains that Hong Kong would be a more convenient forum for this case, but fails specifically to address most of the individual allegations made in the complaint.

On February 10, 2010, plaintiff informed defendants and T.H. Koo & Associates of a case management conference scheduled for March 11, 2010.  In that same correspondence, plaintiff advised defendants that, pursuant to the Northern District of California Local Rules (the "Local Rules"), the parties must confer regarding possible Alternative Dispute Resolution ("ADR") prior to the initial case management conference and sent defendants several ADR-related forms as well as the Local Rules and a copy of Rule 26(f) of the Federal Rules of Civil Procedure.  By a reply email on February 11, 2010, T.H. Koo & Associates informed plaintiff's counsel that they no longer represented defendants.

Defendants never responded regarding ADR or the case management conference, and on February 18, 2010 plaintiff filed an application for default judgment, which the clerk entered on February 26, 2010.  Plaintiff then filed its motion for default judgment on May 13, 2010, to which defendant Yuen responded two months later by filing the same letter and Answer on behalf of himself and defendant HPC that he had filed on January 13, 2010.  In its motion, plaintiff requests $150,000 based upon its actual damages and defendants' illicit profits from the copyright infringement claim, $60,628.32 (trebled) based upon trademark infringement in violation of the Lanham Act, and attorney's fees in the amount of $17,442.50 with costs of $440.52.[1]

---

[1] Plaintiff presents it request for damages in a confusing and inconsistent manner.  In the body of the motion for default judgment, it requests damages consistent with the summary above.  In the concluding paragraph of the motion, however, it requests "$150,000 in actual damages and profits

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    The Court held a hearing on the motion to strike on July 22, 2010, at which neither

2    defendants nor counsel for defendants appeared.  At that hearing, in light of defendants' previously

3    filed Answer and letter to the Court, the Court declined to rule on the motion to strike and directed

4    plaintiff to file a motion to strike the Answer.  Plaintiff filed its motion to strike on July 27, 2010, to

5    which defendants have not responded.   A subsequent hearing on the motion for default judgment,

6    as well as on the motion to strike, was held on September 9, 2010.  Again, neither defendants nor

7    counsel for defendants made an appearance.  At the September 9, 2010 hearing, the Court requested

8    plaintiff's counsel to provide supplemental briefing on the question of personal jurisdiction, which

9    counsel provided on September 24, 2010.  Defendants have made no appearances in the case since

10   Yuen filed his letter with the Court on July 12, 2010.

11                                   III.  LEGAL STANDARD

12    A corporation or other artificial entity must be represented by licensed counsel. *See, e.g.,*

13   *Rowland v. California Men's Colony,* 506 U.S. 194, 201-202 (1993) (noting that 28 U.S.C. § 1654

14   does not allow corporations, partnerships, or associations to appear in federal court other than

15   through a licensed attorney); Civil L.R. 3-9(b) ("A corporation, unincorporated association,

16   partnership or other such entity may appear only through a member of the bar of this Court.").

17   Therefore, while *pro se* litigants can represent themselves, they cannot represent corporations,

18   companies or other artificial entities.  Further, although *pro se* litigants are held to a lesser pleading

19   standard than are other parties, *see Federal Exp. Corp. v. Holowecki*, 552 U.S. 389, 402 (2008) (*pro*

20   on the copyright and trademark infringement claims, $64,623.14 in breach of contract claims, treble
21   damages on the Lanham Act claim, and plaintiff's attorneys and costs (sic), in an amount to be fixed
     by the Court pursuant to Local Rule 5-3." Mot. Default J. at 15.  In an affidavit filed with the
22   motion for default judgment, Poon represents that the misappropriated security deposit for the HPC
     Storefront totaled $3,994.82 and that the financial injuries sustained as a result of defendants' breach
23   of the 2007 Agreement and the 2009 Agreement totaled $60,628.32, for combined breach of
     contract damages of $64,623.14.  In the motion itself, however, plaintiff omits any discussion of the
24   amount of the security deposit, stating instead that the contract damages for lost profits amounted to
     $60,628.32 but then listing a total of $64,623.14 for breach of contract damages in the motion's
25   conclusion.  Additionally, despite the fact that plaintiff maintains in its motion for default judgment
     that it has "prove[d] defendants' revenue" and has pled copyright infringement damages of
26   $150,000, nothing in the complaint, the motion for default judgment or any of the attached affidavits
     actually establishes the basis for this amount.  Lastly, counsel for plaintiff includes an affidavit
27   stating that it incurred $17,442.50 in attorney's fees and $440.52 in costs.  The billing statement
     attached to this affidavit, however, consists of a summary of the fees and fails to apportion any of
28   the billing or to provide a narrative explaining any of the expenses.

United States District Court
For the Northern District of California

*se* pleadings are to be "liberally construed"), Local Rule 3-9(b) provides that "[a] person representing him or herself without an attorney is bound by the Federal Rules, as well as by all applicable local rules. Sanctions (including default or dismissal) may be imposed for failure to comply with local rules." Civil L.R. 3-9(a). A *pro se* litigant, then, must comply with both the local and the Federal Rules, both in terms of pleading requirements and filing deadlines.

In responding to a complaint under Rule 8(b), a party must "state in short terms its defenses to each claim asserted against it" and "admit or deny all allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1). "A party that intends in good faith to deny all the allegations of a pleading – including the jurisdictional grounds – may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted." Fed. R. Civ. P. 8(b)(3).

Pursuant to Rule 55(b)(2), the court may enter a default judgment where the clerk, under Rule 55(a), has previously entered the party's default based upon failure to plead or otherwise defend the action. Fed.R.Civ.P. 55(b). Following entry of default, a district court may in its discretion grant relief upon an application for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors that a district court may consider in exercising its discretion include: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Factual allegations detailed in the complaint are taken as true, except for those allegations relating to damages. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987); *Philip Morris USA v. Castworld Products, Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003) ("[B]y defaulting, Defendant is deemed to have admitted the truth of [plaintiff's] averments."). "A party seeking default judgment must state a claim upon which it may recover." *Philip Morris USA*, 219 F.R.D. at 501. A plaintiff must also prove all

**United States District Court**
For the Northern District of California

1  damages sought in the complaint.  *Id.* at 498; *see also* Fed. R. Civ. P. 55(b)(2) ("In determining

2  damages, a court can rely on the declarations submitted by the plaintiff.").

3  IV. Discussion

4  A.  <u>Personal Jurisdiction</u>

5  　　　　As an initial matter, plaintiff has established that this Court may exercise personal

6  jurisdiction over defendants.  First, defendants acknowledged receipt of service of the complaint,

7  and waived any objection to such service, when they filed the Answer.  Although a federal court

8  lacks personal jurisdiction over a defendant until the defendant has been served in accordance with

9  Rule 4, *see Jackson v. Hayakawa,* 682 F.2d 1344, 1347 (9th Cir.1982), "Rule 4 is a flexible rule that

10  should be liberally construed so long as a party receives sufficient notice of the complaint." *United*

11  *Food & Commercial Workers Union, Locals 197, 373, 428, 588, 775, 839, 870, 1119, 1179, and*

12  *1532 v. Alpha Beta Co.,* 736 F.2d 1371, 1382 (9th Cir.1984).  Additionally, while simply providing

13  "actual notice" or "naming the defendant in the complaint" is insufficient to establish personal

14  jurisdiction without "substantial compliance with Rule 4," a "general appearance or responsive

15  pleading by a defendant that fails to dispute personal jurisdiction will waive any defect in service or

16  personal jurisdiction."  *Benny v. Pipes,* 799 F.2d 489, 492 (9th Cir. 1986) (citing *Jackson,* 682 F.2d

17  at 1347); Fed.R.Civ.P. 12(h)(1).  A general appearance "ordinarily is an overt act by which the party

18  comes into court and submits to the jurisdiction of the court. This is an affirmative act involving

19  knowledge of the suit and an intention to appear." *Id.* (citing 28 Fed. Proc. (L. Ed.) § 65.137 at 526

20  (1984)); *see also Wilson v. Moore and Associates, Inc.,* 564 F.2d 366, 368-69 (9th Cir.1977)

21  (informal contact between parties constitutes appearance when defendant shows "clear purpose to

22  defend the suit").  Here, defendants' Answer constituted a general appearance.  Although, it failed to

23  conform to the requirements of Rule 8, the Answer was nonetheless an overt act by defendants that

24  demonstrates knowledge of the lawsuit and an intention and purpose to defend against that suit.

25  Moreover, by failing to raise service or personal jurisdiction in the Answer, defendants have waived

26  any defect in such service or personal jurisdiction.

27

28

United States District Court
For the Northern District of California

1    Second, based upon the complaint and evidence produced by plaintiff, this Court's exercise of

2    personal jurisdiction over defendants is appropriate under the circumstances.  Although the 2007

3    and 2009 Agreements were for the sale of JKL Chinese Typing System licenses in Hong Kong,

4    these licenses relate to a United States copyright and are owned by a company (plaintiff) whose

5    headquarters and primary place of business are located in Santa Clara, California.  In short, by

6    negotiating with a citizen of California, defendants purposefully availed themselves of the privilege

7    of conducting business here and are thereby subject to personal jurisdiction in the state over disputes

8    arising out of those negotiations.  *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985)

9    ("with respect to interstate contractual obligations, we have emphasized that parties who 'reach out

10   beyond one state and create continuing relationships and obligations with citizens of another state'

11   are subject to regulation and sanctions in the other State for the consequences of their activities.")

12   (citing *Travelers Health Assn. v. Virginia,* 339 U.S. 643, 647 (1950)); *see also Panavision v.*

13   *Toeppen,* 141 F.3d 1316, 1320 (9th Cir.1998) (specific jurisdiction exists where (1) nonresident

14   defendant purposefully avails himself of the privilege of conducting activities in the forum, (2) the

15   claim arises out of defendant's forum-related activities; and (3) exercise of jurisdiction must be

16   reasonable); 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State…

17   where it has its principal place of business.").  Therefore, the exercise of personal jurisdiction by

18   this Court over defendants in this action is appropriate.

19   B.  Motion to Strike

20      Plaintiff has moved to strike the Answer as to both defendant Yuen and defendant HPC.  In

21   support of this motion, plaintiff argues that defendants failed to answer within 21 days of being

22   served with the summons and complaint, as required by Rule 12(a)(1)(a)(i), and that the Answer

23   they filed fails to meet the pleading requirements of Rule 8(b).  Specifically, plaintiff maintains that,

24   because the Answer admits certain allegations relating to the nature of the relationship between the

25   parties, defendants cannot employ a general denial under Rule 8(b)(3).  In other words, defendants'

26   response to the complaint must comply with Rule 8(b)(1) and admit or deny all of the particular

27   allegations asserted.  Given that the Answer is limited to *forum non-conveniens* and never

28

No. C 09-009-4977 RS
ORDER

1   specifically addresses any of these allegations, the argument goes, it fails to meet the requirements

2   of Rule 8(b) and therefore must be stricken.  Additionally, plaintiff argues that the Answer cannot

3   be construed as an answer on behalf of defendant HPC because defendant Yuen is not admitted to

4   practice law in California.

5        While the Answer does in fact fail to meet the requirements of Rule 8(b), the Court need not

6   address the sufficiency of the pleading for two reasons.  First, as a corporation, defendant HPC must

7   be represented by licensed counsel. *See, e.g., Rowland,* 506 U.S. at 201-202; Civil L.R. 3-9(b).

8   Simply put, defendant Yuen, a *pro se* litigant not licensed to practice law in California, cannot

9   appear on behalf of HPC.  Therefore, to the extent that the Answer was filed on behalf of defendant

10  HPC, it must stricken.  Second, although *pro se* litigants, as noted above, are held to a lesser

11  pleading standard than other parties, they are still bound by the federal and local rules and cannot

12  simply ignore a motion filed by the opposing party.  *See* Civil L.R. 3-9(a).  Here, defendants have

13  failed to appear in the case since July 12, 2010 and have filed no response to plaintiff's motion to

14  strike.  Therefore, the motion to strike is granted and the Answer is stricken from the record as to

15  both defendants.

16  C.  Motion for Default Judgment

17        1. *Merits of the Claim, Sufficiency of the Complaint, and Prejudice to Plaintiff*

18        Under an *Eitel* analysis, the merits of plaintiff's substantive claims and the sufficiency of the

19  complaint are often analyzed together.  These two factors require that plaintiffs' allegations "state a

20  claim on which the [plaintiff] may recover." *Danning v. Lavine,* 572 F.2d 1386, 1388 (9th Cir.

21  1978).  Additionally, while prejudice to the plaintiff is an independent factor to be analyzed under

22  *Eitel*, such prejudice necessarily flows from the plaintiff's ability to demonstrate the merits of its

23  claim because, in the absence of a default judgment, plaintiff "would be without other recourse for

24  recovery" to which it is entitled.  *Philip Morris USA,* 219 F.R.D. at 499.

25        The elements of copyright infringement, plaintiff's first claim for relief, are "(1) ownership

26  of a valid copyright; and (2) that the defendant violated the copyright owner's exclusive rights under

27  the Copyright Act." *Ellison v. Robertson,* 357 F.3d 1072, 1076 (9th Cir.2004) (citing, *inter alia,* 17

28

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1   U.S.C. § 501(a)).  Rights under the Copyright Act include the right to reproduce the copyrighted

2   work, to prepare derivative works based upon the copyrighted work, to distribute copies of the work

3   and to display the copyrighted work publicly.  15 U.S.C. § 106.  Here, as noted above, plaintiff

4   alleges that Poon, Dr. JKL, Limited's founding director, is the sole owner of the JKL Chinese

5   Typing System copyright and that plaintiff is the exclusive licensee.  Compl. ¶¶ 29-30.  The

6   complaint also alleges that defendants performed unauthorized sales, internet downloads and

7   marketing of the JKL Chinese Typing System.  Compl. ¶ ¶ 31-33.  Therefore, plaintiff has

8   adequately pled that defendants infringed upon its copyright in violation of 15 U.S.C. § 501.[2]

9        In its complaint, plaintiff grounds its second claim for relief on trademark infringement in

10  violation of 15 U.S.C. § 1127.  Section 1127 simply lays out the construction and definitions of Title

11  15 of the United States Code, however, while Section 1114 lays out the elements and remedies for

12  trademark infringement.  Moreover, in the motion for default judgment, plaintiff rests its claim for

13  trademark infringement not on Section 1127 (or Section 1114), but rather on Section 1125(a) and

14  the fact that "[t]he Lanham Act prohibits the infringement of trademarks, even if they have not been

15  registered." Mot. Default J. at 9.[3]  Despite this confusion, plaintiff has adequately pled trademark

16  infringement, which requires plaintiff to show that defendants used (1) a reproduction, counterfeit,

17  copy or colorable imitation of plaintiff's registered trademark; (2) without plaintiff's consent; (3) in

18  commerce; (4) in connection with the sale, offering for sale, distribution or advertising of any

19  goods; (5) where such use is likely to cause confusion, or to cause a mistake or to deceive. 15

20  U.S.C. § 1114(1)(a); *Brookfield Commc'n v. West Coast Entm't,* 174 F.3d 1036, 1046-47 (9th

21  Cir.1999).  The critical determination is "whether an alleged trademark infringer's use of a mark

22  creates a likelihood that the consuming public will be confused as to who makes that product." *Jada*

23  *Toys, Inc. v. Mattel, Inc.,* 518 F.3d 628, 632 (9th Cir.2008) (citations omitted).  Here, plaintiff

24  _____

25  [2] In its motion for default judgment, plaintiff also maintains that it has introduced evidence, by way
    of a declaration of counsel, that the JKL Chinese Typing System copyright has been registered.  A
26  close review of the declaration, however, reveals that no copyright registration was included. This
    fact does not change the Court's ruling, though, because "by defaulting, [d]efendant is deemed to
27  have admitted the truth of [plaintiff's] averments."  *Philip Morris USA*, 219 F.R.D. at 499.
    [3] Additionally, the motion for default judgment appears to transpose the second and third claims for
28  relief.

United States District Court
For the Northern District of California

1   alleges that it was the sole owner of the JKL Chinese Typing System trademark, that defendants

2   performed unauthorized sales, internet downloads and marketing of the product, and that defendants

3   had employees tell customers that only HPC-sold licenses were authentic while those sold in the Dr.

4   JKL, Limited store were counterfeit versions.  Compl.  ¶¶ 23, 37, 40-41.  All of this combines to

5   form an adequately pled trademark infringement claim.

6         To prove its third claim for relief based on a false designation of origin in violation of

7   section 43(a) of the Lanham Act, plaintiff must show that: 1) the terms or logos in question are valid

8   and protectable trademarks; 2) the plaintiff owns these marks as trademarks; 3) the plaintiff used

9   these marks in commerce; and 4) the defendants used false or misleading descriptions of fact or

10   "terms or designs similar to plaintiff's marks without the consent of the plaintiff in a manner that is

11   likely to cause confusion among ordinary purchasers as to the source of the goods."  15 U.S.C. §

12   1125(a); *see Chimney Safety Inst. of Am. v. Chimney King,* 2004 WL 1465699, *2 (N.D.Cal. May

13   27, 2004) (citing *Brookfield Commc'ns, Inc. v. West Coast Entm't Corp.,* 174 F.3d 1036, 1046-47 n.

14   8 (9th Cir.1999)).  As with the trademark infringement claim, plaintiff alleges that it owned and

15   used a valid trademark for the JKL Chinese Typing System, that defendants performed unauthorized

16   sales, internet downloads and marketing of the product, that defendants designed marketing

17   materials to convey the idea that HPC (and not Poon and plaintiff) developed and owned the

18   licenses, and that defendants had their employees tell customers that only HPC-sold licenses were

19   authentic while those sold in the Dr. JKL, Limited store were counterfeit versions.  Compl.  ¶¶ 23,

20   37, 40-41.  Accordingly, plaintiff has sufficiently pled defendants' false designation of origin in

21   violation of the Lanham Act.

22         Lastly, plaintiff demonstrates the merits of its fourth and fifth claims for relief, for breach of

23   written contract and breach of the covenant of good faith and fair dealing, in alleging that the parties

24   had a written contract that plaintiff fully performed but that defendants breached.  Compl. ¶¶ 49-52,

25   54-59.  In particular, plaintiff alleges that defendants failed to sell the required licenses, appropriated

26   sales opportunities for themselves, misappropriated the security deposit for the HPC Storefront, hid

27

28

the identity of JKL Chinese Typing System customers from plaintiff, and refused to make thousands of sales where they deemed the customers' offers were insufficiently profitable to HPC.

Having demonstrated the merits of its claims, the sufficiency of the complaint and the fact that it will suffer prejudice in the absence of a default judgment because it would otherwise lack recourse for recovery, plaintiff has established that these factors all favor the granting of a default judgment.

2. *Amount of Money at Stake*

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo Inc. v. Cal. Sec. Cans,* 238 F.Supp.2d 1172 (C.D.Cal.2002); *see also Eitel,* 782 F.2d at 1471-72. The Lanham Act provides that a trademark owner may recover: (1) defendant's profits, (2) any damages sustained by plaintiff, and (3) the costs of the action where plaintiff has established trademark infringement. 15 U.S.C. § 1117(a). Alternatively, a trademark owner may elect to receive an award of statutory damages in trademark actions involving the use of a counterfeit mark. 15 U.S.C. § 1117(c). Such statutory damages can be up to $2,000,000 per counterfeit mark upon a finding that the infringement was willful. 15 U.S.C. § 1117(c)(2). Willful infringement occurs when the defendant knowingly and intentionally infringes on a trademark. *See Earthquake Sound Corp. v. Bumper Indus.,* 352 F.3d 1210, 1216-17 (9th Cir.2003). Willfulness can also be inferred from a defendant's failure to defend. *Philip Morris USA, Inc.,* 219 F.R.D. at 500. If statutory damages are elected, a court has wide discretion in determining the amount of statutory damages to be awarded. *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham,* 259 F.3d 1186, 1194 (9th Cir.2001). However, "[i]f the violation consists of 'intentionally using a mark or designation, knowing such mark or designation is a counterfeit mark,' section 1117(b) instructs that the court 'shall' treble the damages." *Nintendo of America, Inc. v. Dragon Pacific Intern.,* 40 F.3d 1007, 1010 (9th Cir. 1994). Similarly, the Copyright Act provides the owner of a copyright with a recovery of his actual damages and any additional profits realized by the infringer. 17 U.S.C. § 505; *see also Sony Corp. of America v. Universal City Studios, Inc.,* 464 U.S. 417, 434 (1984).

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1     Here, plaintiff alleges that defendants conducted unauthorized sales and marketing of its

2 copyrighted work and that they misrepresented HPC to be the developer and owner of the related

3 license.  Therefore, plaintiff is entitled to recover statutory damages under both the Copyright Act

4 and the Lanham Act, in addition to damages for breach of contract, assuming that it proves all of the

5 damages sought.  Given defendants' infringing use of the JKL Chinese Typing System license, the

6 likelihood that its conduct would cause confusion or mistake or otherwise deceive customers, and its

7 failure to comply with the judicial process or to participate in a meaningful way in the present

8 litigation, defendants have engaged in willful use of a counterfeit mark, thereby justifying the

9 imposition of a monetary award.  Accordingly, this factor favors granting default judgment.

10     3. *Potential Disputes of Material Fact and Excusable Neglect*

11     The fifth *Eitel* factor considers the possibility of dispute as to any material facts in the case.

12 Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating

13 to damages. *TeleVideo Sys., Inc.,* 826 F.2d at 917-18.  Here, Plaintiff filed a well-pleaded complaint

14 alleging the facts necessary to establish its claims, and the court clerk entered default against the

15 defendants.  Defendants' Answer, while raising the question of *forum non conveniens*, failed to

16 address any of the specific allegations in the complaint.  Thus, no dispute has been raised regarding

17 the material averments of the complaint, and the likelihood that any genuine issue may exist is, at

18 best, remote.  Moreover, there is no evidence in the record that defendants' failure to appear or

19 otherwise defend against the motion to strike and the motion for default judgment is the result of

20 excusable neglect.  Rather, since re-filing the Answer and letter to the Court on July 12, 2010,

21 defendants have failed to appear despite having been served with the motions and the Court order

22 setting the hearing date.  These factors, therefore, favor the entry of default.

23     4. *Strong Policy Favoring Decisions on the Merits*

24     Although the Federal Rules espouse a preference for resolving cases on their merits, *see*

25 *Eitel*, 782 F.2d at 1472, defendants' failure to comply with the judicial process makes a decision on

26 the merits likely impossible.  Defendant HPC, having never been represented by counsel, has never

27 made an appearance recognized under the federal or local rules.  Moreover, rather than respond to

28

No. C 09-009-4977 RS
ORDER

12

1   the motion for default judgment, defendants submitted the same letter and statutorily deficient

2   "answer" and have not engaged in the process since; they have not responded to the motion to strike

3   nor appeared at any of the scheduled hearings.   Despite the preference for resolving cases on their

4   merits, then, this factor favors an entry of default.

5   D.   Remedies

6           As stated above, although not entirely clear from the motion, plaintiff appears to be

7   requesting $150,000 in statutory damages for its actual damages as well defendants' illicit profits

8   based upon the copyright infringement, $60,628.32 (trebled) for the Lanham Act violation,

9   $64,623.14 for the breach of contract claim, $17,442.50 for attorney's fees, and $440.52 in costs.

10  There are several areas of concern, however, that arise with respect to the remedies.   First, plaintiff

11  omitted any evidence as to defendants' illicit profits from the copyright infringement and therefore

12  fails to prove how the $60,628.32 in actual damages becomes $150,000 in statutory damages.   *See*

13  *Philip Morris USA*, 219 F.R.D. at 501 (plaintiff must also prove all damages sought in the

14  complaint).   Without any basis for a statutory award of $150,000, then, the Court limits plaintiff's

15  damages for the copyright infringement claim to $60,628.32, which is the amount plaintiff proved

16  through Poon's declaration.   Similarly, the Court awards plaintiff $3,994.82 for defendants'

17  misappropriation of the HPC Storefront security deposit.   Additionally, although plaintiff alleges

18  that defendants continued to market, advertise and make unauthorized sales of the JKL Chinese

19  Typing System licenses after the 2009 Agreement was terminated, it fails to demonstrate any

20  amount of loss attributable to any actions by defendants separate and apart from their breach of

21  contract.   In other words, all of the damages claimed by plaintiff are tethered to the losses it suffered

22  as a result of defendants' failure to honor the 2007 Agreement or the 2009 Agreement.

23  Accordingly, the Court limits plaintiff's award of damages to $64,623.14.[4]

24          Second, plaintiff's request for $17,442.50 in attorney's fees appears unduly excessive.

25  Plaintiff's counsel has submitted an affidavit that includes a single billing sheet indicating 55.2

---

[4] Although plaintiff requests treble damages under the Lanham Act, as discussed above, the
damages that plaintiff has been able to prove relate to the injuries suffered as a result of the breach
of contract and copyright infringement.   Therefore, in exercising its discretion in granting default
judgment, the Court declines to find that treble damages are appropriate under these circumstances.

No. C 09-009-4977 RS
ORDER

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1   hours of work performed, which translates to an hourly billing rate of $315.98.  This billing sheet,

2   however, omits any explanation of the tasks performed during these 55.2 hours.  In light of the

3   substance and context of the work involved, and absent any further showing by plaintiff, this

4   amount of time seems unreasonable.  While plaintiff's counsel has filed a motion to strike as well as

5   a motion for default judgment, and has attended two hearings on the motions, given the complaint's

6   length, the legal and factual issues involved and the limited associated investigation, this

7   representation would not seem to require more than several hours of legal work.  Calculated at

8   counsel's hourly rate ($315.98), 25 hours is more appropriate and realistic, thereby resulting in a

9   recovery of $7,899.50.  Plaintiff's estimate of costs totals $440.52, which represents costs associated

10  with the legal representation and appears reasonable.

11                                         V.  CONCLUSION

12         For the reasons stated above, plaintiff's motion to strike and motion for default judgment are

13  granted.  As to damages, plaintiff's request shall be reduced to $64,623.14, its attorney's fees shall

14  be reduced to $7,899.50, and it shall be awarded costs of $440.52.

15

16         IT IS SO ORDERED.

17

18  Dated: October 28, 2010

19

20

21                              RICHARD SEEBORG

                               UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28

No. C 09-009-4977 RS
ORDER

14

1    **THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

2

3

4    **Sam Yuen**
     HPC IT Education Center
5    Unit A, 6th Floor
     The Lamma City
6    761 Nathan Road
     Kowloon, Hong Kong
7

8

9

10   DATED: 10/28/2010

11                                            /s/ Chambers Staff
                                              Chambers of Judge Richard Seeborg
12

13

14   * Counsel are responsible for distributing copies of this document to any co-counsel who have not
     registered with the Court's electronic filing system.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

No. C 09-009-4977 RS
ORDER